In the matter of a return of a *private* road on the petition of GEORGE HICKMAN.

The act authorizing the laying out of private roads is constitutional.

Exceptions filed by James Rowland.

*Mr. Layton* objected to the confirmation of the return, on the ground that section ten of the act of assembly concerning roads and bridges, authorizing the laying out of private roads is unconstitutional. (*Art.* 8, *sec.* 1, *Const. Del.*; 5 *Art. Const. U. S. Amendmts.*)

Private property is sacred under our constitutions from being taken for any other than public use. (3 *Story's Com.* 661, § 1784; 2 *Dall. Rep.* 304-7-10; 3 *Ibid* 386, *Calder* vs. *Bull;* 1 *Harr. Rep.* 77, 82; 1 *Baldw. C. C. Rep.* 219; 1 *Rev. Stat. N. York* 517, § 77; 13 *Wend. Rep.* 328; 4 *Hill's Rep.* 76, 140; 2 *Kent Com.* 13, 340; 11 *Wend. Rep.* 149; 18 *Ibid* 59; 19 *Ibid* 659; 5 *Paige's Rep.* 137.)

*Mr. Cullen* declined replying.

*The Court* overruled the exceptions and confirmed the return.

The authority to lay out private as well as public roads has been exercised under laws similar to the present from the beginning, without question. It is within the legislative control in exercise of eminent domain of which it is a part. The land is taken for public use, though upon private petition. It is a part of the system of public roads; essential to the enjoyment of those which are strictly public; for many neighborhoods as well as individuals would be deprived of the benefit of the public highway, but for outlets laid out on private petition, and at private cost, and which are private roads in that sense, but branches of the public roads and open to the public for the purposes for which they were laid out. Just compensation is made to the owner of the land for individual damage, and the public resumes the occupation and use of it so far as is necessary for the common good, by virtue of a right paramount to that of individual property.